# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Tire Service Equipment Mfg. Co., Inc.,          Civil No. 13-2996 (DWF/TNL)

           Plaintiff,

v.          **MEMORANDUM OPINION AND ORDER**

Gaither Tool Co.,

           Defendant.

---

Alan M. Anderson, Esq., and Aaron C. Nyquist, Esq., Alan Anderson Law Firm LLC, counsel for Plaintiff.

Erin O. Dungan, Esq., and Michael M. Lafeber, Esq., Briggs & Morgan, PA; and Mark E. Wiemelt, Esq., Wiemelt Knechtel, counsel for Defendant.

---

## INTRODUCTION

This matter is before the Court on a Motion to Transfer Venue (Doc. No. 9) and a Motion to Stay (Doc. No. 14) brought by Defendant Gaither Tool Co. ("Defendant"). For the reasons set forth below, the Court denies both motions.

## BACKGROUND

Plaintiff Tire Service Equipment Mfg. Co., Inc. ("Plaintiff") is a Minnesota corporation with its headquarters located in Phoenix, Arizona, and a manufacturing facility in Monticello, Minnesota. (Doc. No. 1, Compl. ¶ 2.) Plaintiff is the owner by assignment of all right, title, and interest in U.S. Patent No. 6,179,033 B1, entitled "Method and Apparatus for Seating Tubeless Tires" (the '033 Patent"). (*Id.* ¶ 5.)

Defendant is an Illinois corporation with its principal place of business in Jacksonville, Illinois. (*Id.* ¶ 3.) In this action, Plaintiff alleges that Defendant makes, uses, sells, and offers for sale a product for seating tubeless tires (the Bead Bazooka product) that infringes one or more claims of the '033 Patent. (*Id.* ¶¶ 6, 9-16.)

Defendant now moves to transfer the action to the United States District Court for the Central District of Illinois. (Doc. No. 9.) Defendant also moves to stay this action pending the resolution of the motion to transfer venue. (Doc. No. 14.)

## DISCUSSION

### I.     Motion to Transfer

Defendant moves to transfer this action to the Central District of Illinois pursuant to 28 U.S.C. § 1404(a). That section provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). When deciding a motion to transfer pursuant to section 1404(a), the Court must consider the convenience of the parties, the convenience of the witnesses, and the interests of justice. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). Such a determination requires a "case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Id.* The burden is on the party seeking the transfer "to show that the balance of factors 'strongly' favors the movant." *Graff v. Qwest Commc'ns Corp.*, 33 F. Supp. 2d 1117, 1121 (D. Minn. 1999). Here, there is no dispute that this case "might have been brought" in the Central District of Illinois. The Court therefore considers the relevant transfer factors.

2

"[S]ection 1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient, and a transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer." *Id.* Normally, there is a presumption in favor of the plaintiff's choice of forum. *Id.* Defendant advocates for transfer, claiming that Minnesota is an inconvenient forum for both parties. Defendant contends that neither Plaintiff nor Defendant resides or has its principal place of business in Minnesota. Defendant also asserts that the majority of material witnesses and documentary evidence pertaining to the allegedly infringing product are found in Illinois. Further, Defendant asserts that: Plaintiff's headquarters are located in Phoenix, Arizona; Plaintiff's officers, shareholders, and directors reside in Arizona; and Plaintiff's records pertaining to the relevant patent are located in Arizona. (Doc. No. 12, Brahler Decl. ¶¶ 3-7.)

Plaintiff, however, asserts that Minnesota is not an inconvenient forum, and that its manufacturing and primary location is in Monticello, Minnesota. (Doc. No. 24, Sprunk Decl. ¶ 7.) Plaintiff maintains that all of its manufacturing, design, and equipment shipments take place at the Monticello facility, along with "most of its business activities." (*Id.*) Plaintiff submits that a number of employees at the Monticello facility have knowledge related to the patent-in-suit, the commercial embodiment of the patent, and of Defendant's allegedly infringing product. (*Id.* ¶ 9.) These employees include Plaintiff's manufacturing and engineering managers. (*Id.*) Plaintiff acknowledges that its executive offices are located in Phoenix, Arizona, but asserts that the Arizona office is responsible solely for "accounting and sales related paperwork."

3

(*Id.* ¶ 8.) Plaintiff further asserts that the evidence pertaining to Plaintiff's engineering is located in Minnesota, and that any other evidence essential to the case would be easily deliverable to Minnesota. (*Id.* ¶¶ 7, 11-13.)

Based on the record before it, the Court finds that the convenience of the parties weighs in favor of maintaining this action in Minnesota because transfer to the Central District of Illinois would simply shift any inconvenience to Plaintiff. *See HomeStar Prop. Solutions, LLC v. Statebridge*, Civ. No. 13-1240, 2013 WL 5787667, at *3 (D. Minn. Oct. 28, 2013).

The convenience of witnesses is an important factor for the Court and the parties because it affects the access to sources of proof. *Graff*, 33 F. Supp. 2d at 1121. In considering the convenience of witnesses, courts have focused on the number of non-party witnesses, the location of all witnesses, and the preference of courts for live testimony as opposed to depositions. *See id*. Defendant argues that this factor weighs in favor of transfer because the majority of its material witnesses are found in the Central District of Illinois. These witnesses include Defendant's President and Sales Manager. (Brahler Decl. ¶¶ 16-17.) Defendant's principal place of business is also located in the Central District of Illinois, which is where the allegedly infringing product was developed and tested, and where marketing and sales decisions are made. (*Id.* ¶ 14.) Defendant also asserts that certain non-managerial personnel are located in Illinois. (*Id.* ¶ 17.)

The Court acknowledges that many of Defendant's personnel reside in Illinois and that it appears likely that fact witnesses will reside in both Illinois and Arizona. Even so,

4

Plaintiff has also demonstrated certain witnesses reside in Minnesota. (Sprunk Decl. ¶ 9.) Moreover, those witnesses who live outside of Minnesota (namely, Plaintiff's officers residing in Arizona) can travel to Minnesota and, indeed, often do travel to Minnesota on a regular basis for business. (*Id*. ¶ 15.)

Based on the record, the Court concludes that Defendant has not met its burden to show that the inconvenience to witnesses is so substantial as to strongly favor transfer. Defendant also submits that its material documentary evidence pertaining to the allegedly infringing product is generally maintained in Illinois. Even so, the Court concludes that the location of records and documents in this case does not materially impact the convenience analysis, as documents can be easily delivered to Minnesota or elsewhere.

The Court must also evaluate what venue will best promote the interests of justice. *Graff*, 33 F. Supp. 2d at 1122. This factor is weighed "very heavily." *Id.* A number of relevant considerations include judicial economy, the plaintiff's choice of forum, the costs of litigating in each forum, obstacles to a fair trial, choice of law issues, and the advantages of having a local court determine questions of local law. *See Terra Int'l*, 199 F.3d at 696. Defendant argues that the interests of justice weigh in favor of transfer. In particular, Defendant claims that Plaintiff's choice of forum should be given less weight here because: the operative events giving rise to the lawsuit occurred in Illinois; neither party maintains headquarters in Minnesota; and the majority of Defendant's sales and the development of the accused product occurred in Illinois. Defendant also suggests

that Plaintiff's filing of the action in Minnesota "raises the suspicion of forum shopping."[1]

Plaintiff, on the other hand, maintains that the interests of justice do not favor a transfer. Plaintiff points out that it is a Minnesota corporation and its manufacturing operations occur in Minnesota. (Sprunk Decl. ¶¶ 2, 7.) Plaintiff further maintains that evidence concerning its engineering operations is located in Minnesota, and that any evidence located in Arizona can be easily delivered to Minnesota. (*Id.* ¶ 12, 13.) Plaintiff also points out that it leases property in Minnesota, pays taxes in Minnesota, and maintains bank accounts and telephone listings within the state. (*Id.* ¶ 4.)

Based on the record before the Court, the Court concludes that Defendant has failed to demonstrate that the interests of justice favor the transfer of this action to the Central District of Illinois. Specifically, Defendant has failed to demonstrate that the

---

[1] Defendant also urges the Court to consider the "center of gravity" approach in determining whether Plaintiff's claim arose in this forum. That approach recognizes that, in patent cases, the preferred forum is that which is the "center of gravity" of the accused activity. *See, e.g.*, *Samsung SDI Co., Ltd. v. Matsushita Elec. Indus. Co.*, 524 F. Supp. 2d 628, 632 (W.D. Pa. 2006). Defendant, however, has not cited to any controlling case law in this circuit. Here, the Court declines to accord the "center of gravity" of infringing activity substantial weight, because doing so would simply shift the burden to Plaintiff. *See, e.g.*, *Travel Tags, Inc. v. Performance Printing Corp.*, 636 F. Supp. 2d 833, 837-38 (D. Minn. 2007) ("Where a plaintiff has chosen to bring suit in its home forum, the fact that another location may be the center of the allegedly infringing activity does not necessarily outweigh the plaintiff's choice of forum.").

Central District of Illinois would be a more convenient forum. Instead, as discussed above, transferring this case to Illinois would simply shift any burden to Plaintiff.[2]

For all of the above reasons, the Court denies Defendant's motion to transfer.

## II.    Motion to Stay

Defendant also moves to stay these proceedings pending disposition of the motion to transfer. Because the Court denies the motion to transfer, the motion to stay is denied as moot.

### ORDER

Based upon the foregoing, **IT IS HEREBY ORDERED** that:

1.    Defendant's Motion for Transfer (Doc. No. [9]) is **DENIED**; and

2.    Defendant's Motion to Stay (Doc. No. [14]) is **DENIED AS MOOT**.


Dated:  April 23, 2014               s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge

---

[2] Plaintiff states that, even if transfer were appropriate, the appropriate alternative venue would be in the United States District Court for the District of Arizona, which is where Plaintiff's executive offices are located. (Sprunk Decl. ¶ 8.) However, Defendant has not moved to transfer the case to Arizona and, for the reasons discussed above, the Court declines to transfer the case to Illinois.