# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Tire Service Equipment Mfg. Co., Inc., | Civil No. 13-2996 (DWF/BRT) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| Gaither Tool Co., | |
| Defendant. | |

Alan M. Anderson, Esq., L. Reagan Florence, Esq., and Aaron C. Nyquist, Esq., Alan Anderson Law Firm LLC, counsel for Plaintiff.

Michael M. Lafeber, Esq., Briggs & Morgan, PA; and Mark E. Wiemelt, Esq., Wiemelt Knechtel, counsel for Defendant.

## INTRODUCTION

This litigation involves allegations by Plaintiff Tire Service Equipment Mfg. Co., Inc. ("Plaintiff") that Defendant Gaither Tool Co. ("Defendant") is infringing one or more claims of U.S. Patent No. 6,179,033 B1, entitled "Method and Apparatus for Seating Tubeless Tires" (the "'033 Patent"). (Doc. No. 1 ("Compl.") ¶¶ 4-7, 9, 13.) This matter is before the Court on a Motion for Partial Summary Judgment brought by

Plaintiff (Doc. No. 100). For the reasons discussed below, the Court grants Plaintiff's motion.[1]

## BACKGROUND

On January 30, 2001, the United States Patent and Trademark Office ("USPTO") issued the '033 Patent. (Doc. No. 106 ("Florence Decl.") ¶ 3, Ex. B (the "'033 Patent").) The '033 Patent discloses, and the asserted claims are directed at, a method and apparatus for seating a tubeless tire onto a rim. (*Id.*) Plaintiff is the owner by assignment of all right, title, and interest in the '033 Patent. (*See id.* ¶ 4, Ex. C.) Plaintiff initiated this action on November 1, 2013, alleging that Defendant's manufacture and sale of its Bead Bazooka product infringes certain claims of the '033 Patent. (Compl. ¶¶ 8-16.) On August 20, 2014, Defendant filed an Answer, Affirmative Defenses and First Amended Counterclaims. (Doc. No. 57 ("Am. Answer").) Defendant asserts affirmative defenses of invalidity pursuant to 35 U.S.C. §§ 101, 102, 103, and 112. (*Id.*) In addition, Defendant alleges two Counterclaims: Count I, Declaratory Judgments of Invalidity and

---

[1] Also on the docket are a Motion to Exclude Expert Testimony of Plaintiff's Expert Philip J. O'Keefe brought by Defendant (Doc. No. 94), and a Motion to Exclude Expert Testimony brought by Plaintiff (Doc. No. 124). The motions have not been fully briefed or argued. The Court denies both motions as moot and without prejudice to the parties to raise any remaining issues related to the possible exclusion of expert testimony at the pre-trial hearing as *motions in limine*. Consideration of the motions would not have altered the Court's decision in the present matter.

Noninfringement of the '033 Patent "under 35 U.S.C. Section 101, et seq."; and Count II, Claim for False Patent Marking. (*Id.*)[2]

On April 9, 2014, Defendant filed a request for *ex parte* reexamination of claims 13 through 18 of the '033 Patent in the United States Patent and Trademark Office ("USPTO"). (Florence Decl. ¶ 9, Ex. H (the "Reexamination Request").) On June 20, 2014, the USPTO granted Defendant's Reexamination Request. (*Id.* ¶ 10, Ex. I.) On January 16, 2015, the USPTO issued a Final Rejection. (Doc. No. 85 ("Wiemelt Decl.") ¶ 13, Ex. K.) Plaintiff appealed the Final Rejection, and its appeal is still pending with the USPTO Appeal Board. (Doc. No. 134 ("Second Florence Decl.") ¶ 9, Ex. T.)

The Amended Pretrial Scheduling Order ("Scheduling Order") in this case required that: (1) all fact and expert discovery be completed by February 1, 2015; (2) Defendant serve its Prior Art Statement on or before September 1, 2014; and (3) Defendant list "all of the prior art on which [Defendant] relies" and, for each of the prior art references, provide a "complete and detailed explanation of what [Defendant] alleges the prior art shows and how that prior art invalidates the claim(s) asserted by [Plaintiff]." (Doc. No. 62 at ¶¶ 2(b), 4(g), 6(a).)

In an order dated November 23, 2015, the Court construed the disputed patent terms (the "Markman Order"). (Doc. No. 138.) Presently, Plaintiff seeks judgment on

---

[2]  Defendant has since stipulated to the dismissal with prejudice of its affirmative defenses and counterclaims to the extent that they are based on 35 U.S.C. §§ 101 and 102. (Florence Decl. ¶ 5, Ex. D.)

Defendant's invalidity defenses and Counts I and II of Defendant's Amended Answer and Counterclaims relating to the '033 Patent.

## DISCUSSION

### I. Motion for Summary Judgment

#### A. Legal Standard

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *See Bai v. L & L Wings, Inc.*, 160 F.3d 1350, 1353 (Fed. Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). As the United States Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

Plaintiff moves for summary judgment on Defendant's invalidity defenses and Counts I and II of Defendant's Amended Answer and Counterclaims relating to the '033 Patent. Specifically, Plaintiff argues that Defendant cannot meet its burden of proof with

respect to its affirmative defenses and counterclaims of invalidity and false patent marking.[3]

### B.     Invalidity Under 35 U.S.C. § 103

Patents are presumed to be valid, and overcoming that presumption requires clear and convincing evidence.  35 U.S.C. § 282; *Microsoft Corp. v. i4i Ltd. P'ship*, 131 S. Ct. 2238, 2242 (2011).  A patent is invalid for obviousness "if the differences between the claimed invention and the prior art are such that the claimed invention as a whole would have been obvious before the effective filing date of the claimed invention to a person having ordinary skill in the art to which the claimed invention pertains." 35 U.S.C. § 103(a).

Obviousness is a question of law that is predicated on several factual inquiries. *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 406-07 (2007).  The underlying factual issues relevant to the issue of obviousness are:  (1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; (3) the differences between the claimed invention and the prior art; and (4) any secondary considerations of non-obviousness such as commercial success or long-felt need.  *Id.*  A patent is likely to be obvious if it merely yields predictable results by combining familiar elements according to known methods.

---

[3]     As an initial matter, Defendant asserts that Plaintiff's motion for summary judgment is time-barred because it was filed after the deadline for dispositive motions contained in the Scheduling Order.  However, Plaintiff filed its motion and supporting documents after consulting with and receiving the permission of the Court.  Thus, the motion is timely.

5

*Id.* at 416. A party seeking to invalidate a patent based on obviousness must establish by clear and convincing evidence that "a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *InTouch Techs. Inc. v. Go Commc'ns., Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014). When determining obviousness, courts must consider "interrelated teachings of multiple patents; the effects of demands known to the design community or present in the marketplace; and the background knowledge possessed by a person having ordinary skill in the art." *KSR Int'l Co.*, 550 U.S. at 418.

Plaintiff argues that Defendant's invalidity defenses and counterclaims suffer from a complete failure of proof because Defendant never adequately put Plaintiff on notice of its invalidity claims. In addition, Plaintiff argues that no genuine issues of material fact exist as to the validity of the asserted claims. Defendant counters that claims 1 through 5, 7, 10 through 13, and 18 of the '033 Patent are invalid based on evidence and theories of invalidity that were timely and adequately presented. Defendant claims that its affirmative defenses and counterclaims relating to invalidity are, therefore, meritorious and summary judgment should be denied.

The Court's Scheduling Order required Defendant to serve its Prior Art Statement, "listing all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claim(s) asserted by the party alleging infringement." (Doc. No. 62.) Defendant served a two-page Prior Art Statement, which stated:

> Defendant has set forth in its objections and responses to Plaintiff's First Set of Interrogatories to [Defendant], Interrogatory No. 5, its listing of all of the prior art on which it relies, and a complete and detailed explanation of what it alleges the prior art shows and how that prior art invalidates the claims asserted by [Plaintiff], which is expressly incorporated herein by reference.
>
> In particular, [Defendant] incorporates herein by reference the prior art references and explanations contained in its Request for *ex parte* reexamination of the '033 Patent . . . , the Order granting the Request dated June 20, 2014, and the first Office Action on February 8, 2000.

(Doc. No. 106-7 at 2.)  In essence, Defendant incorporated by reference its answer to Plaintiff's Response to Interrogatory No. 5 and hundreds of pages of USPTO materials to support its invalidity claims.

On January 27, 2015, Plaintiff moved to strike Defendant's Prior Art Statement and Invalidity Contentions.  (Doc. No. 71.)  In an order dated February 23, 2015, Magistrate Judge Becky R. Thorson issued an order granting in part and denying in part the motion.  (Doc. No. 91.)  In that order, the Court explained that Defendant's Prior Art Statement does not comply with the Scheduling Order and is "devoid of clear citations or cross-references to the 'incorporated' materials." (*Id*. at 5.)  Nevertheless, the Court denied Plaintiff's motion to strike the original Prior Art Statement because of Plaintiff's significant delay in bringing the motion.[4]  (*Id*. at 7.)  The Court did grant Plaintiff's motion to strike insofar as it pertained to Defendant's "subsequent supplemental

---

[4] The Court stated: "This does not mean, however, that Plaintiff has waived evidentiary or dispositive arguments that Defendant's invalidity defenses are now limited to its Prior Art Statement or legally insufficient without expert support, which are issues reserved for the trial court."  (Doc. No. 91 at 7 n.7.)

7

disclosures relating to invalidity, including Defendant's supplemental response to Plaintiff's Interrogatory No. 5 and any invalidity contentions." (*Id.* at 1.) In explaining the deficiencies of Defendant's Prior Art Statement, and in particular Defendant's "incorporation-by-reference" approach, the Court explained:

> Defendant's Prior Art Statement first incorporates by reference Defendant's response to Interrogatory No. 5. This interrogatory response, however, is neither complete nor detailed regarding many of the asserted claims. For example, Defendant states, "Claims 13-18 of the '033 Patent are invalid under 35 U.S.C. § 103 at least for the reasons set forth in [Defendant's] Request for *ex parte* reexamination of the '033 Patent . . . , and in the Order granting the Request dated June 20, 2014, both of which are expressly incorporated herein by reference." Defendant also makes a passing statement that Claims 1-18 of the '033 Patent are invalid under 35 U.S.C. §§ 102 & 103 for "similar reasons" and **"**for the reasons cited in the first Office Action on February 8, 2000, which is expressly incorporated herein by reference, and in view of the newly cited prior art in the Request for Reexamination as set forth below." This approach continues throughout. Defendant's Prior Art Statement also "incorporates by reference" Defendants [sic] 176-page Request for Reexamination, the 20-page Order granting the Request for Reexamination, and the seven-page first Office Action from the original prosecution of the '033 Patent, dated February 8, 2000. Simply put, the Prior Art Statement is not compliant with the requirements set forth in the Scheduling Order and is devoid of clear citations or cross-references to the "incorporated" materials.

(*Id.* at 4-5 (citations omitted).)

Plaintiff argues that Defendant's Prior Art Statement remains insufficient. Defendant disagrees and argues that because all evidence and theories of invalidity that were included in its Responses to Plaintiff's First Set of Interrogatories, the Reexamination Request, the Order granting the Reexamination Request, and the first Office Action were presented before September 2, 2014, Defendant may develop theories of invalidity disclosed therein.

The Court agrees with the conclusions reached with respect to the inadequacy of the Prior Art Statement in the Magistrate Judge's order on Plaintiff's motion to strike, and in particular that the Prior Art Statement "is not compliant with the requirements set forth in the Scheduling Order and is devoid of clear citations or cross-references to the 'incorporated' material." (*Id*. at 5.)  The Court now concludes that the brief Prior Art Statement itself does not cite to evidence that would raise a genuine issue of material fact as to invalidity.  Even so, Defendant submits that the substance of the incorporated materials (as opposed to the statements in the Prior Art Statement itself) raises a triable issue of fact as to invalidity.  The Court disagrees.

First, Defendant's Prior Art Statement incorporates by reference Defendant's Response to Interrogatory No. 5.  Plaintiff's Interrogatory No. 5 reads:  "Separately and on a limitation by limitation basis for each claim of the '033 Patent, identify with specificity the factual and legal bases, if any, for Your contention that any claims of the '033 Patent are invalid under 35 U.S.C. §101, 102, 103, or 112."  (Florence Decl. ¶ 7, Ex. F.)  In its response, Defendant identified the following as alleged invalidating prior art:  U.S. Patent No. 2,441,186 ("Cooper"); U.S. Patent No. 3,788,527 ("Matson"); U.S. Patent No. 4,767,024 ("Rappen"); U.S. Patent No. 5,143,256 ("Wadensten"); 5,853,160 ("Hurdis"); U.S. Patent No. 6,726,059 ("Treat"); a "Bead Seater Brochure"; and a "Demers' Astra Bead Seater device." (*Id*. at 32-46.)  While Defendant's Response is several pages long, it only vaguely explains where elements of the invention of the '033 Patent are allegedly found in the alleged prior art.  Defendant's response does not specifically link the prior art to the asserted claims of the '033 Patent.  Defendant's

9

analysis is largely conclusory in nature, consisting of lengthy quotations of or summary references to the prior art, followed by conclusory assertions about what the prior art would teach a person of ordinary skill in the art. (*Id*. at 34-46.) The Court concludes that Defendant's Response to Interrogatory No. 5 does not demonstrate the existence of any issues of fact as to Defendant's affirmative defenses or counterclaims of invalidity.

Second, Defendant incorporates by reference various USPTO documents, namely the Request for Reexamination, the Order Granting Reexamination, and a February 2000 Office Action. The Request for Reexamination includes a listing of over 170 possible prior art combinations. Defendant asserts that the Reexamination Request specifically identified that claims 13 through 18 are invalidated by prior art and explained, on a limitation-by-limitation basis, how the prior art invalidates the asserted claims. Defendant also points out that the USPTO issued a Non-Final Rejection and a Final Rejection of the subject claims,[5] based on Defendant's Reexamination Request, and that the USPTO's rejection demonstrates that Defendant sufficiently identified how the prior art invalidated the relevant claims. Defendant argues, therefore, that its Reexamination Request contains sufficient facts to show a genuine issue of material fact as to invalidity based on obviousness with respect to claims 13 and 18.

Again, the Court disagrees. To begin, the Reexamination involved only the asserted claims 13 and 18 of the '033 Patent, and therefore does not pertain to the

---

[5]   The Final Rejection provides that "Claims 13-20 are rejected under 35 U.S.C. 103(a) as being unpatentable over Matson '527 in view of Demers '302." (Wiemelt Decl. ¶ 13, Ex. K.)

remaining claims at issue in this case. Further, the procedures and standards of USPTO examination differ from those applied in civil litigation. *See, e.g.*, *In re Swanson*, 540 F.3d 1368, 1377 (Fed. Cir. 2008) ("The two forums take different approaches in determining validity and on the same evidence could quite correctly come to different conclusions.") (citation omitted). In particular, a party that challenges the validity of patent claims in civil litigation has a statutory burden to prove invalidity by clear and convincing evidence, and should the challenger fail to meet that burden, the court will not find the patent "valid," only that "the patent challenger did not carry the 'burden of establishing invalidity in the *particular case* before the court.'" *Id*. (citation omitted).) In contrast, in USPTO reexaminations "the standard of proof—a preponderance of the evidence—is substantially lower than in a civil case," and there is no presumption of validity in reexamination proceedings. *Id.* at 1378. Thus, a court could grant summary judgment when a challenger fails to meet its burden to prove invalidity by clear and convincing evidence, and the USPTO could reach a different determination in the proceedings before it. *See, e.g., In re Baxter Int'l. Inc.*, 678 F.3d 1357, 1364-65 (Fed. Cir. 2012).

Moreover, Plaintiff points out that the Final Rejection is not yet final, as Plaintiff has appealed the rejection to the Appeals Board of the USPTO and no Reexamination Certificate has issued. Indeed, the USPTO documents, which are evidence of not yet complete reexamination proceedings, are themselves likely inadmissible to prove

11

invalidity of a patent.[6]  *See, e.g.*, *Transamerica Life Ins. Co. v. Lincoln Nat'l. Life Ins. Co.*, 597 F. Supp. 2d 897, 907 (D. Iowa 2009)  (explaining risk of prejudice and confusion by allowing evidence of incomplete reexamination proceedings that would call into question the presumption of validity).

The only remaining basis for Defendant to offer proof of invalidity consists of the bare arguments regarding the USPTO's decision.  However, Defendant does not point to record evidence that would allow a reasonable jury to find by clear and convincing evidence that any of the claims in issue are invalid under § 103.  While Defendant asserts that it is entitled to "develop theories" raised in the USPTO materials, on summary judgment, the question is not whether a party is allowed to develop legal theories, but rather whether the party can point to record evidence that raises a genuine issue of material fact for trial.  Here, the theories raised are not supported by admissible evidence in the record before the Court.

For all of the above reasons, the Court concludes that Plaintiff is entitled to summary judgment on Defendant's claims of invalidity under § 103.

### C.     Invalidity Under 35 U.S.C. § 112

Defendant also asserts that the '033 Patent is invalid as indefinite under 35 U.S.C. § 112.  In particular, Defendant asserts that the following asserted claim terms are

---

[6]     To the extent that Defendant attempts to introduce theories first introduced in the USPTO's Non-Final Rejection and Final Rejection, the theories are precluded by the Court's prior order, as these actions by the USPTO occurred after the deadline to submit prior art.

indefinite:  "combination fill/quick-release port"; "combination inlet/outlet"; "fill/quick release port"; "control volume"; "outlet volume"; and "storage volume."  Plaintiff argues that Defendant's arguments under § 112 are comprised solely of Defendant's conclusory assertions and attorney argument.  In opposition, Defendant submits that its answer to Interrogatory No. 5 provided grounds for invalidity under § 112.  Defendant, however, does not point to any record evidence that would demonstrate indefiniteness by clear and convincing evidence.  Therefore, summary judgment is appropriate.

### D.   Patent Marking

To establish a claim for false marking under 35 U.S.C. § 292, Defendant must establish that Plaintiff marked an unpatented article and intended to deceive the public. *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).  Plaintiff moves for summary judgment on this counterclaim, arguing that Defendant has not pointed to any admissible evidence that Plaintiff has improperly marked its products or acted with intent to deceive.

Viewing the evidence in the light most favorable to Defendant, a reasonable juror could not conclude that Plaintiff is liable for false patent marking.  First, Defendant has the burden to offer proof to show that Plaintiff's product (the Cheetah Cannon) is not covered by at least claim 18 of the '033 Patent.  In support of its patent marking claim, Defendant cites to the Expert Report of Timothy R. McGreal ("McGreal Report").[7]  The

---

[7]   The fact that the Court is not reaching Plaintiff's motion to exclude McGreal's testimony does not affect the Court's analysis of the false patent marking claim.

McGreal Report, however, only opines that *Defendant's* accused products do not infringe the asserted claims of the '033 Patent. Defendant attempts to extrapolate by arguing that because Plaintiff's expert represented that the differences between the Defendant's accused Bead Bazooka and Plaintiff's Cheetah Cannon products are insignificant, and because Defendant's products do not infringe the '033 Patent, Plaintiff's products must also not be covered. This argument, however, does not constitute evidence that Plaintiff's product is not covered by the '033 Patent.

Defendant also argues that based on the reexamination proceedings before the USPTO, Plaintiff now knows that claim 18 of the '033 Patent is invalid and that Plaintiff continues to falsely mark its products. This argument also fails. The reexamination proceedings relate only to claims 13 through 18 of the '033 Patent. Plaintiff submits that its products are covered by at least one claim of the '033 Patent. Defendant has failed, however, to point to evidence in the record that would demonstrate that Plaintiff's products are not covered by *any* of the claims of the '033 Patent. Finally, there has been no issuance of a Reexamination Certificate, which would mark the finalization of the reexamination proceedings. Without the reexamination being final, Defendant cannot demonstrate that Plaintiff acted with knowledge that it was deceiving the public by marking its products with the '033 Patent.

For the above reasons, Defendant has failed to point to a genuine issue of material fact that would support its patent marking claim. Therefore, summary judgment on this claim is proper.

**ORDER**

Based on the files, records, and proceedings herein, and for the reasons set forth above, **IT IS ORDERED** that:

1. Plaintiff's Motion for Partial Summary Judgment (Doc. No. [100]) is **GRANTED**.

2. Defendant's Motion to Exclude Expert Testimony of Plaintiff's Expert Philip J. O'Keefe (Doc No. [94]) and Plaintiff's Motion to Exclude Expert Testimony (Doc. No. [124]) are **DENIED AS MOOT** without prejudice to the parties to raise any remaining issues related to the possible exclusion of expert testimony at the pre-trial hearing.

Dated: January 21, 2016    s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge